Robert W. PIERCE and Sandra L. Pierce, Appellants,

v.

UNITED STATES of America, Appellee.

No. 86–5022.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1986.

Filed Oct. 28, 1986.

---

Robert A. Sambroak, Jr., Kodoka, S.D., for appellants.

Mark B. Stern, Washington, D.C., for appellee.

Before LAY, Chief Judge, and FAGG and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

Robert W. and Sandra L. Pierce appeal the district court's summary judgment in favor of the United States. The Pierces brought suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, seeking seven million dollars in damages for the intentional infliction of emotional distress and the breach of a duty of fair dealing to an insured in connection with the termination of Mr. Pierce's social security disability benefits. We affirm.

Mr. Pierce's disability benefits were terminated for a period of time in 1982 after a routine review by medical personnel resulted in an administrative determination Pierce was no longer disabled. After various administrative appeals, the agency concluded the termination had been in error and reinstated Pierce's benefits with full retroactive effect.

The Pierces base their FTCA claims on the conduct of agency personnel in reviewing Mr. Pierce's case and in temporarily terminating his disability benefits. In light of the United States Supreme Court's decision in *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), the district court granted the government's renewed motion for summary judgment on the ground the Pierce's suit was barred by the "discretionary function exception" of the FTCA. *See* 28 U.S.C. § 2680(a). The district court also found the Pierces had not come forward with evidence to contradict government affidavits showing a failure of proof under state law of at least one element of each of the potential underlying torts.

We agree with the district court's application of *Varig Airlines* in this case. Government employees who undertake periodic medical review of social security cases to determine continued eligibility for benefits are necessarily engaged in the exercise of professional judgment and the discretionary application to a particular case of a system of "administrative decisions grounded in social, economic, and political policy." *Varig Airlines,* 467 U.S. at 814, 104 S.Ct. at 2765. This type of decisionmaking requires more than the mere rote application of eligibility standards and involves discretionary acts which are protected from suit by section 2680(a).

Because we rest our decision on the discretionary function issue, we need not address questions concerning the viability of the underlying tort claims or the government's alternative argument that the Pierces' remedy for claims of this type lies exclusively in the review procedures set out within the Social Security Act. *See* 42 U.S.C. § 405(g)–(h).

Accordingly, we affirm the judgment of the district court.